[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2007
THOMAS K. KAHN
CLERK

No. 06-14721
Non-Argument Calendar
_____

BIA Nos. A95-233-111 & A95-233-112

CAROLINA MARTINEZ,
JAIRO CAICEDO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 15, 2007)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

In Martinez v. U. S. Attorney General, 135 Fed. Appx. 395 (11th Cir. 2005),

we affirmed the Board of Immigration Appeals (BIA) decision rejecting

Petitioners' asylum application as untimely, but vacated its decision and remanded the case as to Petitioners' application for withholding of removal. We did so because "the BIA denied the application based solely on the [Immigration Judge's] adverse credibility determination, i.e., without any indication that it considered [the] other evidence" Petitioners presented in support of their application. Id. Remand was required because "an 'adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an alien applicant.' Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1287 (11th Cir. 2005)." Id. at 397.

On remand, the BIA, having considered "the other evidence" Petitioners had presented, concluded that Petitioner Martinez[1] had not established a probability of being persecuted if denied withholding and removed to Colombia. The BIA noted that Martinez had submitted several news articles about human rights violations in Colombia, but none indicated that she had been persecuted on the basis of her political opinion or that she would likely suffer persecution if returned to that country. The BIA also remarked on the inconsistencies, implausibilities and omissions in her supporting documentation about threatening phone calls, an attack on Caicedo, and a warehouse bombing. Finally, in rejecting her application, the BIA considered the affidavits of Martinez's parents and friends.

---

[1] Petitioner CAICEDO, Martinez's husband, is a rider on Martinez's application for asylum and withholding of removal, in that if Martinez's application fails, his does as well.

2

In supporting the petition for review now before us, Petitioner Martinez argues that sworn affidavits in the record demonstrate that she was persecuted on account of her political opinion, is more likely than not to be persecuted in the future if she is removed to Colombia, and thus Petitioners are entitled to withholding of removal. She relies on three documents: (1) a friend's affidavit stating that Martinez was forced to leave the country as a result of her participation in the mayoral election of a Conservative Party candidate; (2) her parents' affidavit that she was involved in the campaign and had received threatening phone calls as a result; and (3) an unsworn letter from her therapist stating that she exhibited clinical symptoms, such as depression and stress, that resulted from her persecution.

We review a factual finding of the BIA under the substantial evidence test. Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001). Under this test, the finding must be upheld if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (internal quotation marks omitted). The finding may be reversed only where the evidence would compel a reasonable finder of fact to come to a contrary determination. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

To obtain withholding of removal, an alien must show that it is more likely than not that she will be persecuted upon being returned to her country. Sepulveda

3

v. United States Atty. Gen., 401 F.3d 1226, 1232 (11th Cir. 2005). This standard is more stringent than the standard for receiving asylum, employing the same framework, but requiring the alien to show that it is more likely than not that she will be persecuted, rather than merely showing a well-founded fear of persecution. See Al Najjar, 257 F.3d at 1292–93. For withholding of removal to be granted, the persecution must be on account of race, religion, nationality, membership in a particular group, or political opinion. Immigration and Naturalization Act (INA), § 101(a)(42)(A), 8 U.S.C. § 1101(A)(42)(A).

Although the INA does not define persecution, we have held that persecution is an extreme concept requiring more than a few isolated incidents of harassment or intimidation. Sepulveda, 401 F.3d at 1231. The applicant carries the burden of proving that she meets this definition. Al Najjar, 257 F.3d at 1284.

We conclude that substantial evidence supports the BIA's determination that Martinez (and therefore Caicedo) was not eligible for withholding of removal. Because of the previously-affirmed adverse credibility determination, see Martinez, 135 Fed. Appx. at 397, Martinez has to rely exclusively on the documentary evidence in the record. This evidence shows, at most, that (1) Martinez worked on the mayoral campaign of a Conservative Party candidate; (2) as a result of this work, Martinez received death threats; and (3) Martinez's parents' business was bombed around the time of the mayoral election. In

4

Sepulveda, we considered a substantially similar factual pattern, and affirmed the BIA's denial of asylum and withholding of removal. See Sepulveda, 401 F.3d at 1231. "Although the evidence may permit a conclusion the [] bombing was directed at [Martinez] on account of her political activity, it does not compel such a conclusion." Id. "Moreover, the menacing telephone calls and threats to her . . . do not rise to the level of past persecution," but were merely harassment. Id.

PETITION DENIED.